RECEIVED JAN 09 2018 AT 8:30___M WILLIAM T. WALSH CLERK

NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD G. PETRAGLIA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK, N.A., *in its direct capacity as a debt collector*; SELECT PORTFOLIO SERVICING, INC., *in its direct capacity as a debt collector, and as agent for U.S. Bank, N.A.*; MILSTEAD & ASSOCIATES, INC., *in its direct capacity as a debt collector*; GREGORY J. TENCZA; 314 ATLANTIC AVENUE – SPRING LAKE, LLC; ABC CORP. DEFENDANTS I – X; and JOHN DOE DEFENDANTS I – X,<br><br>Defendants. | Civ. No. 17-6325<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on a motion to dismiss brought by Defendants U.S. Bank, N.A. ("U.S. Bank") and Select Portfolio Servicing, Inc. ("SPS") (collectively, "Defendants"). (ECF No. 26.) The Motion is unopposed. The Court has decided the Motion after considering the written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendants' Motion is granted.

## BACKGROUND

Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for claims of "abusive, deceptive, and unfair" conduct by various actors related to the foreclosure of Plaintiff's home. (Compl. ¶ 1, ECF No. 1.) Plaintiff was in default

1

on his home mortgage, originally owed to Wamu Mortgage Pass-Through Certificates Series 2006-AR9, and U.S. Bank initiated foreclosure proceedings in state court as successor trustee to the mortgage. (*Id.* ¶ 2.) SPS was the mortgage sub-servicer on behalf of U.S. Bank. (*Id.* ¶ 24.) Defendant Milstead & Associates, LLC ("Milstead") was the law firm representing U.S. Bank in the foreclosure action. (*Id.* ¶¶ 28–32.)

Plaintiff alleges that after a foreclosure judgment had been entered, SPS provided a reinstatement quote which served as a "written offer of contract," that he subsequently "was prevented from performing on the contract," and that he thereby "suffered injury." (*Id.* ¶¶ 4–5.) On March 28, 2017, in response to Plaintiff's request for a current offer of reinstatement, Milstead sent Plaintiff's foreclosure attorney a cover letter and enclosed mortgage loan reinstatement letter from SPS. (*Id.* ¶ 59.) The form letter suggested it was an offer that could be accepted by performance. (*Id.* ¶¶ 62–63.) The letter advised Plaintiff that the mortgage could be reinstated if Plaintiff paid the Total Reinstatement Amount of $608,420.25 before the "Good to" date of April 14, 2017, at 5:00 PM Eastern Time. (*Id.* ¶ 68.) Plaintiff alleges this time period for performance was intentionally short, designed to expire imminently upon the letter's transmission. (*Id.* ¶¶ 67–68.) Plaintiff attempted to secure funding from a third party, but he could not accept the offer before its expiration. (*Id.* ¶¶ 69–71.)

On April 28, 2017, the state court denied Plaintiff's motion to vacate the foreclosure judgment and to adjourn the sheriff's sale scheduled for Monday, May 8, 2017. (*Id.* ¶ 71.) However, having secured sufficient funding, on May 2, 2017, Plaintiff called SPS and requested a new reinstatement letter with a "Good to" date of Friday, May 5th at 5:00 PM—before the scheduled sheriff's sale of his property. (*Id.* ¶¶ 72, 75.) Thereafter, SPS failed to timely transmit such a letter, then faxed a letter with an erroneous "Good to" date of May 4, moved up the

deadline to 2:00 PM, and ultimately refused to make a reinstatement offer in writing without Plaintiff offering proof of funds, thus changing the terms of the standard reinstatement practice. (*Id.* ¶¶ 76–117.) Without a concrete contractual offer, Plaintiff's third party funding source withdrew, and Plaintiff was unable to reinstate in the time allotted. (*Id.* ¶¶ 118–20.)

On Monday, May 8, 2017, Plaintiff sought to stay the sheriff's sale scheduled for 2:00 PM. (*Id.* ¶ 127.) Plaintiff presented the state court with a letter from his cousin dated May 7, 2017, offering to provide the funds to reinstate Plaintiff's loan or, in the alternative, pay off the loan in its entirety within a few days. (*Id.* ¶¶ 128–38.) Nelson Diaz, an attorney with Milstead, appeared in court by phone. (*Id.* ¶ 139.) Arguing on behalf of U.S. Bank, Mr. Diaz objected to the stay on the grounds that the original default occurred in January 2009, Plaintiff had ample opportunities to reinstate, U.S. Bank had repeatedly offered reinstatement but would not adjourn the sale without proof of funds, and U.S. Bank wished to pursue the sale. (*Id.* ¶ 140.)

Plaintiff alleges that Mr. Diaz's argument was an untruthful representation (*id.* ¶ 146) that failed to capture "the cacophony of mixed messages and signals, false leads and misdirection . . . [that] amount quintessentially to . . . abusive, deceptive, and unfair debt collection practices" on the part of SPS and U.S. Bank (*id.* ¶ 145). The judge declined to stay the sheriff's sale, acknowledging that Plaintiff had no right to reinstate and that the bank would not agree to reinstate. (*Id.* ¶ 157.) The sale went forward as scheduled on May 8th and the property was sold to defendant Gregory J. Tencza. (*Id.* ¶ 164.)

On May 18, 2017, Plaintiff filed a motion to vacate the sheriff's sale and an order to show cause to enjoin the sheriff from delivering the deed, which the state court denied on May 30, 2017. (Parker Decl., Ex. D, ECF No. 26-6.) On July 5, 2017, Plaintiff filed a Notice of Appeal in the foreclosure action. (*Id.*, Ex. E, ECF No. 26-7.) He then filed a motion for a stay of

3

ejectment pending appeal, which the state court denied on September 28, 2017. (*Id.*, Ex. F, ECF No. 26-8.) On October 23, 2017, Plaintiff filed a motion with the Superior Court of New Jersey, Appellate Division, seeking a stay of ejectment pending appeal, which the Appellate Division denied on October 31, 2017. (*Id.*, Ex. G, ECF No. 26-9.) Plaintiff then filed an emergent application to the New Jersey Supreme Court for a stay of ejectment pending appeal, which the Supreme Court denied on November 3, 2017. (*Id.*, Ex. H, ECF No. 26-10.)

Plaintiff filed his federal Complaint on August 22, 2017. (ECF No. 1.) Plaintiff's Complaint contains three Counts: (I) violation of the FDCPA (Compl. ¶¶ 47–204); (II) violation of the New Jersey Consumer Fraud Act ("NJCFA") (*id.* ¶¶ 205–09); and (III) common law fraud and false accusation (*id.* ¶¶ 210–16). Plaintiff pleads common law false accusation exclusively against Defendant Tencza, the buyer of the foreclosed property. (*Id.* ¶ 14.)

After stipulating with Plaintiff's counsel to extensions of time to respond to Plaintiff's Complaint (ECF Nos. 13, 25), Defendants U.S. Bank and SPS filed a joint Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim on December 1, 2017.[1] (ECF No. 26.) On December 11, 2017, the Court adjourned the Motion one cycle to January 16, 2018. (ECF No. 30.) Plaintiff has not filed opposition, and the time to respond has expired.

On December 20, 2017, the Court granted Defendant Milstead's Motion to Dismiss (ECF No. 23), dismissing with prejudice Counts Two and Three as to Milstead but giving Plaintiff leave to amend Count One of his Complaint within 20 days. (ECF Nos. 31, 32.) Milstead has joined sections II, III, and IV(C)–(E) of Defendants' presently pending Motion to Dismiss. (ECF No. 28.) However, because Plaintiff may yet amend the claims against Milstead, the Court will

---

[1] Pursuant to the latest stipulation of counsel, Defendants' deadline for responding to Plaintiff's Complaint was November 30, 2017. (ECF No. 25.) Defendants' Motion was filed December 1, 2017. (ECF No. 26.) In its discretion, the Court nonetheless considers the Motion.

4

not at this time consider Milstead's invocation of Defendants' arguments. The Court now considers Defendants' Motion.

## LEGAL STANDARDS

### I. Federal Rule of Civil Procedure 12(b)(1)

A defendant may move at any time to dismiss a complaint for lack of subject matter jurisdiction on either facial or factual grounds. Fed. R. Civ. P. 12(b)(1); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In analyzing a facial challenge, a court "must consider only the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *Mortensen*, 549 F.2d at 891). The plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, 2010 WL 3908567, at *2 (D.N.J. Sept. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

### II. Federal Rule of Civil Procedure 12(b)(6)

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786, 789 (3d Cir. 2016). However, the court may disregard any conclusory legal

allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Although a district court generally must confine its review to the pleadings on a Rule 12(b)(6) motion to dismiss, *see* Fed. R. Civ. P. 12(d), "a court may consider certain narrowly defined types of material" beyond the pleadings. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). The Court may consider "the complaint, documents attached to or submitted with the complaint, matters incorporated by reference or integral to the claims, matters of which the Court may take judicial notice, matters of public record, orders, and other items of record in the case." *Blue Sky 1, LLC v. Jaguar Land Rover N. Am., LLC*, 2016 WL 6803081, at *4 (D.N.J. Nov. 16, 2016).

## ANALYSIS

Defendants move to dismiss Plaintiff's claims under three theories: (1) the court lacks subject matter jurisdiction under some combination of the *Rooker-Feldman* doctrine, *res judicata* and New Jersey's entire controversy doctrine, and collateral estoppel; (2) the court should observe either the *Colorado River* or *Younger* abstention doctrine and decline to hear this case during the pendency of the state appeal; and (3) Plaintiff fails to assert any claim upon which relief can be granted. (Defs.' Br. at 6–29, ECF No. 26-1.) Because the Court concludes it lacks subject matter jurisdiction under Defendants' first theory, it declines to consider Defendants' second and third theories. As is appropriate on a motion to dismiss, the Court in part relies on matters of public record in the underlying state foreclosure action.

I.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

Defendants move to dismiss the Complaint under the *Rooker-Feldman* doctrine. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Pursuant to this doctrine, federal district courts lack subject matter jurisdiction to review state court judgments. *Marks v. Stinson*, 19 F.3d 873, 885 n.11 (3d Cir. 1994); *see also Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008). In order to avoid rendering a preexisting state court ruling void or ineffectual, a district court cannot "entertain federal claims that (1) were previously adjudicated in state court or (2) are inextricably intertwined with a prior state court decision." *Otto v. Wells Fargo Bank, N.A.*, 2016 WL 8677313, at *3 (D.N.J. July 15, 2016), *aff'd*, 2017 WL 2364377 (3d Cir. May 31, 2017). "If the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit." *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)). In the foreclosure context, the Third Circuit has repeatedly found that *Rooker-Feldman* bars a plaintiff's federal claims seeking redress from a state court foreclosure judgment. *See, e.g., In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009); *Moncrief*, 275 F. App'x at 152; *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005); *Otto*, 2016 WL 8677313, at *3 (collecting cases).

All of Plaintiff's claims against Defendants U.S. Bank and SPS are barred by *Rooker-Feldman*. First, to the extent that Plaintiff seeks return of the now-sold property (*see, e.g.*, Compl. ¶ 209), Plaintiff's requested relief would require this Court to render void the state foreclosure judgment as well as all subsequent state court orders denying post-judgment relief.

(*See* Defs.' Br. at 6–8.) Second, Plaintiff's federal claims are otherwise inextricably intertwined with prior state court decisions. Plaintiff's federal Complaint alleges that Defendants violated the FDCPA and NJCFA and committed fraud by making a contractual offer to reinstate Plaintiff's mortgage and then wrongfully preventing him from accepting that offer by performance. (Compl. ¶¶ 4–6.) This argument was the basis of his state court motions to stay the sheriff's sale, to vacate the sheriff's sale, and to stay ejectment pending his state court appeal, all of which were denied. (Defs.' Br. at 6–8, 15, 18–19; *see also* Parker Decl., Ex. E, ECF No. 26-7.) As Plaintiff concedes in his Complaint, the state court determined that there was no valid contract and Plaintiff had no right to reinstate. (Compl. ¶ 157 ("[F]rom the bench, the court . . . observed, 'There is no right to reinstate . . . the bank will not agree.'").) The state appellate division likewise determined there was no contract. (Parker Decl., Ex. G, ECF No. 26-9 ("[T]here is no mutually executed loan modification agreement.").) Accordingly, Plaintiff's claims are inextricably intertwined with the state court decisions and barred by *Rooker-Feldman*.

While *res judicata*, New Jersey's expansive Entire Controversy doctrine, and collateral estoppel may offer alternative, sufficient grounds for dismissal of Plaintiff's Complaint, the Court need not explore these alternative arguments. *See Otto*, 2016 WL 8677313, at *5 n.2 (noting that a court need not consider principles of preclusion if it finds *Rooker-Feldman* applies and the court therefore lacks jurisdiction). Plaintiff raised the same contract-based theory in the state court foreclosure action and continues to pursue that theory in an active state court appeal. (*See* Defs.' Br. 6–8, 15, 18–19; *see also* Parker Decl., Ex. E.) Plaintiff can seek review of the state court's decisions only through the state court appellate process. Defendants' Motion to Dismiss is granted.

II.     Possibility of Amendment

In general the Third Circuit has instructed that where a complaint is vulnerable to dismissal, "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citing *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998)); *see also Pushkin v. Nussbaum*, 2014 WL 4543069, at *3 (D.N.J. Sept. 11, 2014). Defendants assert that it would be futile to grant Plaintiff leave to amend his Complaint. (Defs.' Br. at 29–30.) Having determined that the Court lacks subject matter jurisdiction over Plaintiff's claims, the Court agrees. An "amended complaint would not cure this lack of jurisdiction." *Ayres-Fountain*, 153 F. App'x at 92.

## CONCLUSION

For the reasons stated herein, Defendants' Motion is granted. An appropriate order will follow.

Date: 1/9/18

ANNE E. THOMPSON, U.S.D.J.